**Jai Deep SINGH, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 04–71595.**

United States Court of Appeals, Ninth Circuit.

Submitted April 20, 2007.*

Filed May 4, 2007.

---

* The panel decided this case on the briefs and record after granting Petitioner's Unopposed Motion to Waive Oral Argument.

George T. Heridis, Esq., Rai & Associates, PC, San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Karl N. Gellert, Esq., U.S. Department of Justice, Civil Division/Appellate Staff, Dennis J. Dimsey, Esq., U.S. Department of Justice, Civil Rights Division/Appellate Section, Washington, DC, for Respondent.

Before: NOONAN, BYBEE, and M. SMITH, Circuit Judges.

## MEMORANDUM **

██ Jai Deep Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") summary affirmance of the Immigration Judge's ("IJ's") denial of his applications for asy-

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

lum, withholding of removal, and relief under the Convention Against Torture ("CAT"). As the parties are aware of the facts of the case, we do not recite them here. We have jurisdiction pursuant to 8 U.S.C. § 1252, and we grant the petition for review. We review adverse credibility findings for substantial evidence. *Kaur v. Ashcroft*, 379 F.3d 876, 884 (9th Cir.2004). Substantial evidence did not support any of the IJ's stated reasons for finding Singh not credible. The IJ based the adverse credibility finding only on impermissible grounds, including personal conjecture and speculation. *Id.* at 884–90.

▪ Taking Singh's testimony as true, he was arrested, detained, and severely beaten by Indian police because he was suspected of supporting Sikh militants. The record compels the conclusion that the Indian police did not have a legitimate prosecutorial motive for Singh's second arrest, and they persecuted him on account of imputed political opinion. *See Singh v. Ilchert*, 63 F.3d 1501, 1509 (9th Cir.1995); *Blanco–Lopez v. INS*, 858 F.2d 531, 534 (9th Cir.1988).

▪ Because Singh suffered past persecution, he is entitled to the presumption of a well-founded fear of future persecution. *See Yazitchian v. INS*, 207 F.3d 1164, 1168 (9th Cir.2000). The government failed to rebut this presumption by showing that country conditions in India have changed to such an extent that Singh no longer has a well-founded fear of future persecution. *See Singh*, 63 F.3d at 1510. Because the national police force persecuted Singh, the evidence on record is insufficient to demonstrate that Singh can avoid future persecution by reasonably relocating within India. *See Singh v. Moschorak*, 53 F.3d 1031, 1034–35 (9th Cir.1995). Accordingly, Singh has a well-founded fear of future persecution on account of a protect-ed ground and he is eligible for a discretionary asylum determination.

▪ Because Singh suffered past persecution on account of a protected ground, he is also entitled to a presumption of eligibility for mandatory withholding of removal. *Baballah v. Ashcroft*, 367 F.3d 1067, 1079 (9th Cir.2004). The same evidence that was insufficient to rebut the presumption of eligibility in the asylum context is also insufficient to rebut the presumption of eligibility in the context of withholding of removal. Accordingly, Singh is entitled to withholding of removal even if he is denied discretionary asylum relief.

▪ Singh failed to establish eligibility for CAT relief because he did not show it was more likely than not that he would be tortured by authorities or individuals acting in an official capacity if he returned to India. *See Kamalthas v. INS*, 251 F.3d 1279, 1284 (9th Cir.2001); 8 C.F.R. § 208.16(c)(2).

**PETITION FOR REVIEW GRANTED and REMANDED.**